## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HERMEION JAY MCLAURIN, | : | |
| and | : | |
| JANICE LAWS, | : | |
| Plaintiffs, | : | |
| v. | : | Case No.: 8:17-cv-00489-PX |
| PICCARD ENTERPRISES, LLC d/b/a QUALITY INN HOTEL IN CAMP SPRINGS, MARYLAND, | : : | |
| and | : | |
| CHOICE HOTELS INTERNATIONAL, INC., | : | |
| Defendants. | : | |

### ANSWER

Defendant, Piccard Enterprises, LLC ("Defendant Piccard Enterprises"), by and through its counsel, Robert G. McGinley and The Law Offices of Robert G. McGinley, P.C., for its Answer to Plaintiffs' Complaint and Demand for Jury Trial ("Complaint"), states:

### First Defense

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

### Second Defense

In response to the specifically-numbered allegations contained in Plaintiffs' Complaint, this Defendant states:

1.	The allegations set forth in Paragraph 1 of Plaintiffs' Complaint contain a recitation of law to which no response is required.  To the extent an answer is required, Defendant, Piccard Enterprises, admits that Plaintiffs purport to bring causes of action for alleged discrimination against Defendant, Piccard Enterprises; however, Defendant, Piccard Enterprises, denies it violated any laws with regard to Plaintiffs and denies any remaining allegations set forth in Paragraph 1

2.	The allegations set forth in Paragraph 2 of Plaintiffs' Complaint contain a recitation of law to which no response is required.  To the extent an answer is required, Defendant, Piccard Enterprises, admits that Plaintiffs purport to bring causes of action under the statutes enumerated in Paragraph 2 against Defendant, Piccard Enterprises; however, Defendant, Piccard Enterprises, denies it violated any laws with regard to Plaintiffs and denies any remaining allegations set forth in Paragraph 2.

3.	Defendant, Piccard Enterprises, reserves on the issue of jurisdiction pending the development of relevant facts through discovery, investigation or at trial.  In addition, Defendant, Piccard Enterprises, admits the United States District Court for the District of Maryland has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendant, Piccard Enterprises, denies any remaining allegations set forth in Paragraph 3.

4.	Defendant, Piccard Enterprises, reserves on the issue of jurisdiction pending the development of relevant facts through discovery, investigation or at trial.  In addition, Defendant, Piccard Enterprises, admits the United States District Court for the District of Maryland has jurisdiction over this action. Defendant, Piccard Enterprises, admits that it is headquartered in and does business in the State of Maryland.  Defendant, Piccard Enterprises, denies that it violated any laws with respect to Plaintiffs and denies any remaining allegations contained in Paragraph 4.

5.      Defendant, Piccard Enterprises, admits venue in the United States District Court for the District of Maryland is proper and admits that it does business in the State of Maryland. Defendant, Piccard Enterprises, denies any remaining allegations contained in Paragraph 5.

6.      Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 6. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the allegations contained in Paragraph 6.

7.      Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 7. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the allegations contained in Paragraph 7.

8.      Defendant, Piccard Enterprises, admits it is a Maryland corporation registered to do business in Maryland. Defendant, Piccard Enterprises, denies, as stated, the remaining allegations set forth in Paragraph 8.

9.      Defendant, Piccard Enterprises, admits the allegations set forth in Paragraph 9.

10.     Defendant, Piccard Enterprises, admits that a person named Sherrell McLaurin checked into the Quality Inn on November 6, 2015. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 10 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 10.

11. Defendant, Piccard Enterprises, admits that a person named Sherrell McLaurin is a member of the Choice Privileges program, but denies that she was a Gold Member in that program as of November 6, 2015. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 11.

12. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 12.

13. Defendant, Piccard Enterprises, admits that guests of the Quality Inn are not required to pay for breakfast.

14. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 14.

15. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 15 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained

in Paragraph 15.

16. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 16.

17. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 17.

18. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 18.

19. Defendant, Piccard Enterprises, admits the allegations set forth in Paragraph 19.

20. Defendant Piccard Enterprises is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant Piccard Enterprises denies the remaining allegations contained in Paragraph 20.

21. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 21.

22. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 22 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 22.

23. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 23 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is

deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 23.

24. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 24 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 24.

25. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 25.

26. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 26 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the remaining allegations contained in Paragraph 26.

27. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 27.

28. Defendant Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 28.

29. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 29.

30. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 30.

31. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 31.

32. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 32.

33. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 33.

34. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 34.

35. Defendant, Piccard Enterprises, admits the allegations set forth in Paragraph 35.

36. Defendant, Piccard Enterprises, admits the allegations set forth in Paragraph 36.

37. Paragraph 37 of the Complaint repeats statements from Co-Defendant, Choice Hotel's, SEC Form 10-K for 2015; thus a response from Defendant, Piccard Enterprises, is not required. To the extent a response is necessary, Defendant, Piccard Enterprises, states the document speaks for itself and Defendant, Piccard Enterprises ,denies any allegations contained in Paragraph 37 which are inconsistent with the text thereof.

38. Paragraph 38 of the Complaint repeats statements from Co-Defendant, Choice Hotel's, SEC Form 10-K for 2015; thus a response from Defendant, Piccard Enterprises is not required. To the extent a response is necessary, Defendant Piccard Enterprises, states the document speaks for itself and Defendant, Piccard Enterprises, denies any allegations contained in Paragraph 38 which are inconsistent with the text thereof.

39. Paragraph 39 of the Complaint repeats statements from Co-Defendant, Choice Hotel's, SEC Form 10-K for 2015; thus a response from Defendant, Piccard Enterprises, is not required. To the extent a response is necessary, Defendant Piccard Enterprises, states the document speaks for itself and Defendant, Piccard Enterprises, denies any allegations contained in Paragraph 39 which are inconsistent with the text thereof.

40. The allegations set forth in the first sentence of Paragraph 40 are unduly vague; thus, Defendant, Piccard Enterprises, is without sufficient information to admit or deny the same. The remainder of the allegations set forth in Paragraph 40 repeat statements from Co-Defendant

Choice Hotel's SEC Form 10-K for 2015; thus a response from Defendant, Piccard Enterprises, is not required. To the extent a response is necessary, Defendant, Piccard Enterprises, states the document speaks for itself and Defendant, Piccard Enterprises, denies any allegations contained in Paragraph 40 which are inconsistent with the text thereof.

41. The allegations of fact contained in the preceding Paragraphs are incorporated by reference.

42. The allegations set forth in Paragraph 43 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, denies it violated any law with regard to Plaintiffs.

43. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 43 and therefore, neither admits nor denies the same, but demands strict proof thereof. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the allegations contained in Paragraph 43.

44. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 44.

45. The allegations set forth in Paragraph 45 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 45.

46. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 46.

47. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 47.

48. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 48.

49. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 49.

50. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 50.

51. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 51.

52. The allegations of fact contained in the preceding Paragraphs are incorporated by reference.

53. The allegations set forth in Paragraph 53 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant Piccard Enterprises denies it violated any laws with regard to Plaintiffs and denies any remaining allegations set forth in Paragraph 53.

54. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 54.

55. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 55.

56. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 56.

57. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 57.

58. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 58.

59. The allegations set forth in Paragraph 59 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises ,demands strict proof thereof and denies the allegations contained in Paragraph 59.

60. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 60.

61. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 61.

62. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 62.

63. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 63.

64. The allegations of fact contained in the preceding Paragraphs are incorporated by reference.

65. The allegations set forth in Paragraph 65 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, denies it violated any laws with regard to Plaintiffs.

66. The allegations set forth in Paragraph 66 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, denies it violated any laws with regard to Plaintiffs.

67. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 67.

68. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 68.

69. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 69.

70. The allegations set forth in Paragraph 70 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 70.

71. The allegations set forth in Paragraph 71 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 71.

72. The allegations set forth in Paragraph 72 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 72.

73. The allegations set forth in Paragraph 73 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 73.

74. The allegations set forth in Paragraph 74 neither refer nor relate to Defendant, Piccard Enterprises. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 74.

75. Defendant, Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 75. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the allegations contained in Paragraph 75.

76. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 76.

77. The allegations of fact contained in the preceding Paragraphs are incorporated by reference.

78. The allegations set forth in Paragraph 78 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, denies it violated any laws with regard to Plaintiffs.

79. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 79.

80. Defendant, Piccard Enterprises, denies the allegations, as stated, set forth in Paragraph 80.

81. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 81.

82. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 82.

83. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 83.

84. The allegations set forth in Paragraph 84 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 84.

85. The allegations set forth in Paragraph 85 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 85.

86. The allegations set forth in Paragraph 86 of Plaintiffs' Complaint contain a recitation of law to which no response is required. To the extent an answer is required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 86.

87. The allegations set forth in Paragraph 87 neither refer nor relate to Defendant, Piccard Enterprises. To the extent an answer is required, Defendant, Piccard Enterprises, demands strict proof thereof and denies the allegations contained in Paragraph 87.

88. Defendant Piccard Enterprises, is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 88. To the extent that any additional response is deemed to be required, Defendant, Piccard Enterprises, denies the allegations contained in Paragraph 88.

89. Defendant, Piccard Enterprises, denies the allegations set forth in Paragraph 89.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Defense

Plaintiffs' claims are time barred, in whole or in part, to the extent they were not presented to the Prince George's County Human Relations Commission in a timely fashion.

### Fifth Defense

Plaintiffs' claims in this action are barred, in whole or in part, to the extent they exceed the scope of/or are inconsistent with the charge(s) filed with the Prince George's County Human Relations Commission.

### Sixth Defense

If any improper, illegal or discriminatory acts were taken by any person(s) against Plaintiffs, it was outside the course and scope of that person's employment or business relationship with Defendant, Piccard Enterprises, contrary to Defendant, Piccard Enterprises', policies and was not ratified, confirmed or approved by Defendant, Piccard Enterprises. Thus, any such actions cannot be attributed or imputed to Defendant, Piccard Enterprises.

### Seventh Defense

Defendant, Piccard Enterprises, denies it violated any law, denies it damaged Plaintiffs and denies that Plaintiffs are entitled to any damages. Nonetheless, to the extent Plaintiffs may be entitled to damages, those damages must be reduced or denied to the extent Plaintiffs have failed to mitigate their damages.

### Eighth Defense

Plaintiffs are not entitled to equitable relief.

### Ninth Defense

Plaintiffs are not entitled to any request for declaratory and/or injunctive relief because Plaintiffs are unable to establish the requisites for the issuance of equitable relief.

### Tenth Defense

Plaintiffs' claims for damages are speculative in nature and should therefore be stricken.

### Eleventh Defense

Defendant, Piccard Enterprises, expressly reserves the right to assert additional defenses as they become evident through investigation and/or discovery.

### Twelfth Defense

Defendant, Piccard Enterprises, denies it violated any laws and denies that Plaintiffs are entitled to any of the relief requested in the "Relief Sought" Paragraph of Plaintiffs' Complaint.

### Thirteenth Defense

Defendant, Piccard Enterprises, does not consent to the trial by jury of any issue not required by law to be tried by a jury.

WHEREFORE, Defendant, Piccard Enterprises, respectfully requests Plaintiffs' Complaint and Demand for Jury Trial be dismissed with prejudice; that judgment be entered in favor of Defendant, Piccard Enterprises and against Plaintiffs; that the Court award Defendant, Piccard Enterprises its costs and attorney's fees in defending this action; and the Court award Defendant, Piccard Enterprises, any further and other relief the Court deems just and equitable.

Respectfully submitted,
THE LAW OFFICES OF ROBERT G. McGINLEY, P.C.


By:   /s/ Robert G. McGinley, #04642
      Robert G. McGinley, #04642
      17251 Melford Boulevard
      Suite 200
      Bowie, MD 20715
      Tel:   301/805-1860, ext 5002
      Email: rmcginley@mcginleylaw.net
      *Counsel for Defendant*
      *Piccard Enterprises*, LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via electronic case filing, this 27th day of March, 2017, to:

| | |
|---|---|
| Andrew D. Freeman, Esq. | John B. Flood, Esq. |
| Jean M. Zachariasiewicz, Esq. | Ogletree, Deakins, Nash, Smoak & |
| Abigail A. Graber, Esq. | Stewart, P.C. |
| Brown, Goldstein & Levy, LLP | 1909 K Street, N.W. |
| 120 E. Baltimore Street | Suite 1000 |
| Suite 1700 | Washington, D.C. 20006 |
| Baltimore, MD 21202 | 202/887-0855 |
| 410/962-1030 | john.flood@ogletreedeakins.com |
| adf@browngold.com | *Counsel for Co-Defendant* |
| jmz@browngold.com | *Choice Hotels International, Inc.* |
| agraber@browngold.com | |
| *Counsel for Plaintiffs* | |


  /s/ Robert G. McGinley, #04642
  Robert G. McGinley, #04642